**Diane ROBINSON, Plaintiff–Appellant,**

**v.**

**FRONT–LINE SECURITY INC., Daniel Mgr., also known as Danny, Dan, Jama Cassaba, Capt., Sgt. Nunez, Defendants–Appellees.**

**Docket No. 02–7859.**

United States Court of Appeals, Second Circuit.

July 1, 2003.

Diane Robinson, Queens Village, N.Y., for Plaintiff–Appellant, pro se.

No appearances or submissions for Defendants–Appellees.

Present: LEVAL, RAGGI, Circuit Judges, and SCULLIN,[1] District Judge.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's judgment of dismissal, entered June 26, 2002, is hereby AFFIRMED, and all motions filed in connection with this appeal are hereby DENIED.[2]

Plaintiff–Appellant Diane Robinson, proceeding pro se, appeals the district court's order entered pursuant to 28 U.S.C. § 1915(e)(2) dismissing her complaint without prejudice against Defendants–Appellees Front–Line Security, Inc., Daniel Mgr., Jama Cassaba, and Sgt. Nunez ("Front–Line Security") for employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17 ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634 ("ADEA").

We review a district court's dismissal of a complaint de novo. *See, e.g., Neal v. Goord*, 267 F.3d 116, 119 (2d Cir.2001). 28 U.S.C. § 1915(e)(2)(B)(ii) states that "the court shall dismiss the case at any time if the court determines that … the action or appeal … fails to state a claim on which relief may be granted." Dismissal is appropriate, however, only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir.1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). This rule applies with particular force where a plaintiff alleges civil rights violations or where the complaint is submitted pro se. *See, e.g., Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.1994).

In her complaint, filed in June 2002 on a standard employment discrimination form, Ms. Robinson asserted that she is a forty-six year old African–American female who was hired by Front–Line Security in November 2001, and who, between December 2001 and January 2002, was the victim of "some chain conspiracy" and racial discrimination evidenced by a failure to promote, as well as unspecified unequal terms and conditions of employment, retaliation, and two suspensions in January 2002. (*See* Compl. at ¶¶ 4, 8.)

Even if this pleading is liberally read to state a claim of discrimination, *see Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), the district court correctly recognized that Ms. Robinson's failure to exhaust administrative remedies as required by 42 U.S.C. § 2000e–5(e)(1) and 29 U.S.C. § 626(d)(2) mandates dismissal of her complaint. *See Flaherty v. Metromail Corp.*, 235 F.3d 133,

---

**1.** The Honorable Frederick J. Scullin, United States District Judge for the Northern District of New York, sitting by designation.

**2.** Appellant's following motions are denied: (1) motion seeking specific relief filed August 26, 2002; (2) motion seeking specific relief, money filed September 17, 2002; (3) motion seeking final decision filed April 18, 2003; (4) motion seeking court to take action "in regard to a pending" filed October 28, 2002; and (5) motion seeking to alter or amend the judgment filed September 19, 2002.

136 (2d Cir.2000) ("To sustain a claim for unlawful discrimination under Title VII and/or the ADEA, a plaintiff must file administrative charges with the EEOC within 300 days of the alleged discriminatory acts."). Because this defect could be cured, the district court ordered dismissal without prejudice to Ms. Robinson refiling her complaint upon exhaustion of procedural remedies.

Accordingly, we hereby AFFIRM the judgment of dismissal.